Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 2:20-CR-00095-TOR-1 |
| vs. | United States' Sentencing Memorandum |
| BRICE LEROY WOFFORD, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

I.   Background

The United States relies on the summary of facts contained within the plea agreement. ECF 55. The United States further relies on the facts contained within the United States Probation Office's Pre-Sentence Investigation Reports and Addendum (PSIR). ECF 76.

United States' Sentencing Memorandum - 1

## II.     Summary of Plea Agreement

Pursuant to the plea agreement, the parties agree to recommend a sentence of 57 months imprisonment, followed by a 3-year term of supervised release. The United States is not seeking an imposition of a fine. The Defendant agrees to pay the $100 special penalty assessment.

The Defendant agrees to waive his right to an appeal if the Court sentences the Defendant consistent with the terms of his Fed. R. Crim. P. 11(c)(1)(C) plea agreement. The Defendant further agrees to waive his right to file a post-conviction motion pursuant to 28 U.S.C. § 2255.

## III.    Sentencing Calculations

The parties, pursuant to the plea agreement, asserts that the base offense level for Possession with Intent to Distribute a Controlled Substance – Oxycodone Hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) is 18.

The parties further agree that a two-level increase is appropriate pursuant to the United States Sentencing Guidelines (U.S.S.G.) §2D1.1(b)(1) due to the Defendant's possession of a firearm.

## IV.    Government's Sentencing Recommendation

The United States respectfully submits that a total term of 57 months incarceration, followed by a 3-year term of supervised release, would be a "reasonable" sentence under the facts and circumstances of this case and would not be greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).

A sentence of 57 months is appropriate based upon the crime the defendant has been convicted of and the nature and circumstances of the case. The Defendant has plead guilty to possessing with the intent to distribute Oxycodone-Hydrocholoride. Prior to the search warrant being executed at his residence, the Defendant was involved in or coordinated the purchase of Oxycodone-Hydrocholoride and Fentanyl by a confidential human source.

United States' Sentencing Memorandum - 2

Upon executing the search warrant at the Defendant's residence, detectives located several items consistent with the distribution of controlled substances. The detectives located bags or pill containers that contained various controlled substances. Located in close proximity to these controlled substances were two pistols and the Defendant's wallet. Throughout the house, detectives located approximately $27,000 in U.S. currency, including a number of pre-recorded buy funds from the previous controlled buys. The Defendant subsequently admitted to detectives that he had been prescribed pills and sold some of those pills. ECF No. 76, ¶25. In this case, the Defendant possessed a substantial amount of controlled substances and engaged in the distribution of these controlled substances which has had a devasting effect on the health of the Spokane community. A sentence of 57 months accurately reflects the nature and circumstances of this offense and the offense's seriousness.

The sentence imposed should also account for the extent of the Defendant's criminal history. The United States agrees that the Defendant has a criminal history score of 8, placing him in Criminal History Category IV. The Defendant's criminal history includes convictions for Possession of Marijuana for Sale (2007), Prohibited Own Ammunition (2013), and Second Degree Burglary (2013). ECF No. 76, ¶¶48, 52, 56. The Defendant had a number of contacts with law enforcement that resulted in a dismissals or declinations for prosecution. ECF No. 76, ¶¶64-74. An agreed sentence of 57 months adequately balances the Defendant's criminal history and characteristics against the nature and circumstances of the offense.

Also of note is a sentence of 57 months would be substantially more time in prison than the Defendant had previously served. At most the Defendant has previously been sentenced to 8 months prison in his conviction for Second Degree Burglary. ECF No. 76, ¶56. This is also the Defendant's first, and hopefully, last foray into the federal judicial system. A sentence of 57 months is approximately seven times longer than any other term of imprisonment the Defendant previously served. A sentence of 57 months will serve the interests of specific and general

United States' Sentencing Memorandum - 3

deterrence. Furthermore, a sentence of 57 months, even though it is above guidelines, will avoid unwarranted sentencing disparities. The Defendant was involved in the possession and distribution of controlled substances while possessing two firearms. Had the United States pursued a charge under 18 U.S.C. § 924(c), the Defendant could have been sentenced to a mandatory minimum term of 60 months imprisonment, consecutive to any other sentence. By jointly agreeing to 57 months, the parties are properly reflecting the seriousness and gravity of the Defendant's actions.

In addition to protecting the community, a sentence of 57 months would give the Defendant the opportunity to avail himself of various treatment and vocational programs provide by the Bureau of Prisons that would hopefully assist in the Defendant reintegrating and becoming a productive member of society.

Considering other 18 U.S.C. § 3553(a)(1) factors, there are no alternative sentences available to the Defendant because of his offense level and criminal history category. The monetary costs of incarceration should not prevent the Defendant from serving the sentence he is due.

## V.    Conclusion

The United States believes a term of imprisonment of 57 months and a follow on 3 year term of supervision is justified and believes that it is an appropriate and reasonable sentence.

DATED: March 9, 2022.

Vanessa R. Waldref
United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant U.S. Attorney

United States' Sentencing Memorandum - 4

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

    Colin Prince:  colin_prince@fd.org

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Sentencing Memorandum - 5